Yesenia S. v New York City Hous. Auth. (2018 NY Slip Op 09008)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Yesenia S. v New York City Hous. Auth.

2018 NY Slip Op 09008

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


350059/10 7968N 7967

[*1] Yesenia S., Individually and as Mother and Natural Guardian of Kira R., etc., Plaintiff-Respondent,
vNew York City Housing Authority, Defendant-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Kenneth J. Ready & Associates, Mineola (Gregory S. Gennarelli of counsel), for respondent.

Appeal from order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered November 5, 2015, which granted defendant New York City Housing Authority's (NYCHA) motion to vacate a conditional order of preclusion dated October 7, 2013 to the extent of relieving it from the preclusion penalty, and directed that it produce a witness for deposition by a certain deadline or have its answer stricken, unanimously dismissed, without costs, as moot. Order, same court and Justice, entered on or about April 10, 2018, which denied NYCHA's motion to renew its motion to vacate the order dated October 7, 2013, reinstated the October 7, 2013 conditional order of preclusion, and precluded NYCHA from offering evidence at trial on the issue of liability, unanimously affirmed, without costs.
The appeal from the order dated October 30, 2015, and entered November 5, 2015, is dismissed as moot, as the April 2018 order effectively vacated the order appealed from (see Fidata Trust Co. Mass. v Leahy Bus. Archives , 187 AD2d 270 [1st Dept 1992]).
The court properly denied NYCHA's motion for leave to renew its motion to vacate the October 7, 2013 order which conditionally granted preclusion if NYCHA failed to produce a particular employee to be deposed. By order dated October 30, 2015, the court gave NYCHA another opportunity to produce the employee. On the motion to renew, NYCHA sought to modify the October 30, 2015 order to reflect that the employee it had been directed to produce for deposition was no longer in NYCHA's employ as of October 24, 2014, and to direct, instead, that NYCHA provide plaintiff with the witness's last known address. NYCHA, however, has not provided a reasonable justification for its failure to inform the court, on its original motion to vacate, that the witness had ceased employment as of October 24, 2014 (see CPLR 2221[e][2],[3]). NYCHA claims that the employee was still in its employ when it filed the motion to vacate in July 2014, and that its Law Department and outside counsel were unaware that the witness had left NYCHA, until after their receipt of the October 30, 2015 order. The original motion, however, was not marked submitted until May 6, 2015, over six months after the employee had left NYCHA's employ. Given that NYCHA failed to produce its employee since early 2012, the motion court acted will within its discretion to find that NYCHA had willfully failed to comply with discovery, warranting the remedy of preclusion. Even if the explanation were true, it still does not amount to a reasonable excuse, as the information was readily available and could have been obtained had NYCHA exercised due diligence (see Chelsea Piers Mgt. v Forest Elec. Corp. , 281 AD2d 252 [1st Dept 2001]).
The court also properly imposed preclusion sanctions. The court essentially vacated the October 30, 2015 order, which it issued relying on NYCHA's misrepresentations, and reinstated the October 7, 2013 order. The October 7, 2013 conditional order was self-executing, and [*2]NYCHA has not complied with the deadline to produce the witness as set forth therein. To the extent, NYCHA claims that plaintiff's counsel had reneged on his promise to depose the witness after the court ordered deadline set forth in the October 7, 2013 order, plaintiff's counsel denied it. Further, the papers submitted by NYCHA in support suggests engagement in some sort of tactic to again avoid producing the witness for deposition.
NYCHA also argues that the court may not sanction it for failure to comply with the October 30, 2015 order, because its appeal from that order automatically stayed it. The court, however, had vacated the October 30, 2015 order, and was enforcing the October 7, 2013 order.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK